UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L., a minor by and through his Guardian Ad Litem, KARI ANN JUNIO,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET VASSILEV, M.D.; RUDOLFO VINCENTE, M.D.; PAVEL MUNDL, M.D.; COUNTY OF TULARE; KAWEAH DELTA HEALTHCARE DISTRICT; SANDRA BOSMAN, M.D.; LORI ANN M. BROKEN, M.D.; T. PLUNCKETT, RNC; D. BRACKETT, RNC; B. BROWN, RNFA; UNITED STATES OF AMERICA; and DOES 10 through 50,<br><br>Defendants. | CASE NO. 1:14-cv-0824 AWI SMS<br><br>ORDER ON MOTION OF DEFENDANT UNITED STATES TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO THE FEDERAL TORT CLAIMS ACT<br><br>Doc. # 9 |

This is a tort action for damages for medical malpractice by D.L., the minor child of Lisa Junio ("Decedent"), who died as a result of postpartum hemorrhage on December 17, 2010, giving rise to this action. This action, case number 14cv0824, is the continuation of a prior case, numbered 13cv0401, which was originally filed in Tulare County Superior Court and later removed to this court on March 18, 2013, when Defendant United States was substituted as one of the DOE defendants. The parties stipulated to dismissal of United States and stipulated to remand of the action to state court on May 21, 2013. Case numbered 13cv0401 was closed following the remand. Following remand of the action to Superior Court, Plaintiff filed a claim pursuant to the Federal Tort Claims Act (FTCA). The letter of denial of Plaintiff's federal tort claim was mailed

on November 15, 2013.  No further administrative appeal was taken.  The mailing of the denial letter therefore commenced the 6-month limitations period for the filing of an action in a federal district court pursuant to 28 U.S.C. § 2401(b).  Following exhaustion of administrative remedies under the FTCA, Plaintiff *amended* the existing complaint in the Superior Court to again name Dr. Bencomo as a Defendant.  The action was removed to this court by Defendant United States on May 30, 2014, and Defendant United States was substituted for Bencomo as of that date.  This court received the previously removed complaint on May 30, 2014, and assigned the new case number 14cv0824 to it.  Defendant filed the instant motion to dismiss on July 3, 2014.  Plaintiff filed an opposition on July 21, 2014, and Defendant United States filed its reply on July 28, 2014.  The matter was taken under submission as of August 4, 2014.

Federal jurisdiction in this action is pursuant to 28 U.S.C. § 1346, United States as Defendant.  Christopher Bencomo, M.D., at the time of the events alleged, was an employee of Family Healthcare Network.  It is not disputed that Family Healthcare network is a federal Public Health Service Entity.  The parties do not dispute that the United States is the proper party defendant for claims that would otherwise be alleged against Dr. Bencomo.  The instant motion seeks dismissal of the complaint as to Defendant United States on the ground that Plaintiff did not exhaust administrative procedures as required by 28 U.S.C. § 2041(b) *prior* to filing the FTCA claim.  United States contends a plaintiff may not cure the defect of failure to exhaust administrative procedures under the FTCA by later filing an amendment to the claim following exhaustion.  Further, Defendant United contends the dismissal must be with prejudice because the 6-month limitations period imposed by the FTCA had run by the time Plaintiff's amended complaint was removed to this court.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S.

375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

United States' motion to dismiss presents a single legal question: may a plaintiff, having first commenced an action against the United States on a claim or claims cognizable under the Federal Tort Claims Act thereafter cure the defect of failure to exhaust administrative remedies and proceed on the same action upon *amendment* of the complaint that was operative prior to the exhaustion of remedies under the FTCA? Pursuant to 28 U.S.C. §2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.

Id.

In McNeil v. United States, 508 U.S. 106 (1993) the Supreme Court noted that the circuits

were split on the application of section 2401(b) where a plaintiff under the FTCA has not exhausted the administrative remedies but where there has been essentially no progress in the court action.  The McNeil Court held:

> The most natural reading of [section 2401(b)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.  Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions.  Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.  The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

508 U.S. at 112 (footnote omitted).

Plaintiff relies primarily on the Ninth Circuit Case of Valdez-Lopez v. Chertoff, 656 F.3d 851 (9th Cir. 2011) in stating its opposition to United States' motion to dismiss.  The Valdez-Lopez court interpreted McNeil in the context of a Bivens action where the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against a number of defendants in their individual capacities and soon thereafter commenced a separate FTCA claim against the United States.  After receiving no response on his FTCA claim for six months from the agencies involved, the plaintiff considered his administrative claims finally denied and proceeded to *amend* his existing action to assert a claim against the United States for the first time.  The plaintiff in Valdez-Lopez later received notice that his administrative claims had been denied.  See id. at 854.  In considering the jurisdictional requirements of 28 U.S.C. § 2675(a) in light of McNeil, the Valdez-Lopez court noted that the plaintiff's "original complaint neither named the United States as a defendant nor stated a claim under the [FTCA].  He only amended his complaint to name the United States and include an FTCA cause of action after the government had failed to respond to his administrative claims within six months."  Id. at 855.  The Valdez-Lopez court concluded that "McNeil ought not be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA."  Plaintiff contends Valdez-Lopez, rather than McNeil should control in this case.  This court disagrees.

The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising

4

1  from the negligence of Government employees." <u>Jerves v. United</u> States, 966 F.2d 517, 518 (9th
2  Cir. 1992).  As this court has noted "[c]laims of medical malpractice against federally-funded
3  health care facilities and their employees acting in the scope of their employment must be pursued
4  against the United States under the FTCA." <u>Galvan v. Brock</u>, 2012 WL 4863068 (E.D. Cal. 2012)
5  at *2.  The FTCA claim was first alleged against the United States on March 18, 2013, at the
6  latest, when the action was removed to this court and the United States was substituted as
7  Defendant in place of Bencomo.  The case that was remanded back to the superior court – Case
8  Numbered 13cv0401 – contained the FTCA claim against the United States even though United
9  States was dismissed by stipulation at the same time as the remand.  The crucial fact that
10 differentiates <u>Valdez-Lopez</u> from the case at bar is that the administrative tort claim in this case
11 against the United States was first filed, according to Plaintiff, on June 27, 2013; over ninety days
12 *after* the action against the United States had been commenced in this court.  <u>See</u> Doc # 10 at 4:4-
13 13 (setting out the timeline of events).  Because the claims against the United States were
14 commenced *before* administrative claims were filed, the holding in <u>McNeil</u> controls.

15        This court has previously addressed the question whether, under <u>McNeil</u>, the defect of
16 failure to first file and exhaust administrative remedies under the FTCA can be cured by later
17 *amendment* of the complaint where the complaint alleged a tort claim against the United States at
18 some time before FTCA procedures had been exhausted.  This court has answered the question in
19 the negative.  <u>See</u> <u>Sparrow v. United States Postal Service</u>, 825 F.Supp. 252, 254 (E.D. Cal. 1993)
20 ("To permit the premature filing of an FTCA action to be cured by the filing of an amended
21 complaint upon denial of the administrative claim would be inconsistent with both <u>McNeil</u> and the
22 rationale behind the jurisdictional prerequisite mandated by the FTCA, 28 U.S.C. § 2675(a)").
23 Having found that <u>McNeil</u> controls under the facts of this case, the court finds that Defendant
24 United States is entitled to dismissal for lack of subject matter jurisdiction.

25        THEREFORE, the motion of Defendant United States to dismiss the complaint for lack of
26 federal subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil
27 Procedure is hereby GRANTED.  Case 14cv0824 is hereby DISMISSED without prejudice.  The
28 Clerk of the Court shall REMAND the case to the Superior Court of Tulare County to permit

Plaintiff to pursue claims against the individual Defendants.

IT IS SO ORDERED.

Dated: January 20, 2015

SENIOR DISTRICT JUDGE