# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **D.L., a minor by and through his guardian ad litem Kari Ann Junio,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MARGARET VASSILEV, M.D., et al.,**<br><br>**Defendant** | **CASE NO. 1:14-CV-0824 AWI BAM**<br><br>**ORDER VACATING HEARING AND ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 42) |

On October 16, 2017, Defendant Kaweah Delta Healthcare District ("KDHD") filed a motion to dismiss.  See Doc. No. 42.  Hearing on the motion is set for November 27, 2017.  In the motion, KDHD argues that it is a governmental entity and, in order for Plaintiff to pursue the state law claims alleged against it, Plaintiff was required to follow the California Government Claims Act by submitting a notice of claim.  KDHD alleges that because only a government claim was filed against the County of Tulare and not with KDHD, Plaintiff cannot comply with the Government Claims Act.  Because compliance with the Government Claims Act is an element of Plaintiff's state law claims, and Plaintiff can no longer comply with the Government Claims Act, the claims against KDHD should be dismissed without leave to amend.

On November 8, 2017, Plaintiff filed a notice of non-opposition.

KDHD is correct that compliance with the Government Claims Act is an element of state law claims against a California governmental entity.  See Young v. City of Visalia, 687 F.Supp.2d

1141, 1152 (E.D. Cal. 2009); DiCampli-Mintz v. County of Santa Clara, 55 Cal.4th 983, 990 (2012). The failure to comply with the Government Claims Act is fatal to state law claims against a governmental entity. See Hacienda La Puente Unified Sch. Dist. v. Honig, 976 F.2d 487, 494 (9th Cir. 1992); Young, 687 F.Supp.2d at 1152; City of San Jose v. Superior Ct., 12 Cal.3d 447, 455 (1974). Given Plaintiff's express non-opposition to the motion to dismiss, Plaintiff is essentially acknowledging this law and agreeing with KDHD that he did not comply and cannot cure the defect. In light of the non-opposition, the Court will vacate the hearing and grant KDHD's motion to dismiss. See Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995); Hacienda La Puente, 976 F.2d at 494; Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Young, 687 F.Supp.2d at 1152; DiCampli-Mintz, 55 Cal.4th at 990; City of San Jose, 12 Cal.3d at 455.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The November 27, 2017 hearing date on Defendant's motion to dismiss is VACATED;

2. Defendant's motion to dismiss (Doc. No. 42) is GRANTED and the claims against Defendant Kaweah Delta Healthcare District are dismissed without leave to amend; and

3. The Clerk shall terminate Kaweah Delta Healthcare District from this case.

IT IS SO ORDERED.

Dated: __November 14, 2017__          _____

SENIOR DISTRICT JUDGE